# SYLLABI

### No. 754

### ADAMS v. TREPANIER LUMBER CO.

685. JUSTICES OF THE PEACE—681. Jurisdiction—1. Where summons and order of attachment, under 12224 and 12225 GC., on non-resident of township, is dissolved, justice loses jurisdiction and judgment rendered on merits is void.

2. Entry of appearance, solely for purpose of objecting to jurisdiction, does not constitute entry in cause of action on merits.

Error to Wood Co. Appeals.

Judgment reversed.

DAY, J.

1. Where, pursuant to Sections 10224 and 10225, General Code, a justice of the peace has issued summons and order of attachment against a defendant who is a non-resident of the township in which such justice was elected, and upon service thereof the defendant, disclaiming the jurisdiction of the justice over his person, moves for the dissolution of the attachment, which motion is sustained, the justice of the peace thereby loses jurisdiction of the cause of action, and a judgment rendered upon the merits thereof is void.

2. Where, in such case, a defendant enters his appearance solely for the purpose of objecting to the jurisdiction of the court over his person, and, appearing for such purpose only, moves for the discharge of an attachment, the same does not constitute an entry of his appearance in the cause of action upon the merits. (Smith v. Hoover, 39 Ohio St., 249, approved and followed.)

(Marshall, CJ., Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating.)

---

### CODE NOTES

The Ohio Law Abstract for 1927 will rive publicity to about 1000 Ohio Law opinions; over three-fifths of them will be published exclusively in it, and of nearly all of them it will be their first production. There are in the Ohio General Code about 15,000 sections, straight and hyphenated, and we estimate that the courts, this year, will construe about one-fourth of these, and the legislature will alter by amendment and supplement a good many more sections. The number of annotations that will be required to present these changes will be so prodigious that it will be impossible for any lawyer to keep track of them, unless they are properly collected, classified and

### No. 755

### ROYAL INDEM. CO. v. AM. VIT. PROD. CO.

167. BONDS—Fidelity—In absence of retroactive provisions, bonding company not liable for acts done prior to effective date, notwithstanding defalcations after such date, proceeds of which are used to make up prior shortage.

Error to Summit Co. Appeals.

Judgment reversed.

DAY, J.

In the absence of retroactive provisions in a fidelity bond, there is no liability thereon for the acts of fraud or dishonesty of an employe who has misapplied funds of his employer prior to the effective date of such bond, even though after such date he commits new defalcations the proceeds of which are used to make good defalcations existing prior to the effective date of such bond the "pecuniary loss" of the insured being no greater by reason of the new defalcations.

(Marshall, CJ., Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating.)

---

### No. 756

### MADISON NAT. BANK OF LONDON, OHIO,

### v. WEBER, Exrx. et.

587. GUARANTY — Where payment of money and a limited credit thereafter to be extended are guaranteed and the creditor exceeds the limit, and the debtor becomes insolvent, a dividend paid upon the entire claim in the administration of the estate, should be applied pro rata upon the guaranteed and unguaranteed portions thereof.

Error to Madison Co. Appeals.

Judgment affirmed.

MARSHALL, CJ.

Where a guarantor in writing guarantees the payment of money and credit thereafter to be extended, which guaranty is a continuing guaranty and by its terms limits the credit to be extended to a fixed sum and the creditor extends credit in excess of the amount stated in the contract of guaranty, and the debtor becomes insolvent and in course of admistration of his estate by the court a dividend is paid upon the entire claim of the creditor, the dividend so paid should be applied pro rata upon the secured and unsecured portions thereof.

(Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating.)

---

published. This the Abstract will do. This will be given in our Code Notes, and the frequent lists of notes that will be published, and cumulated and republished, will furnish all the monthly information as to court and legislative action that any subscriber can wish. This part of our system of presenting the law and the new law and its relation to the old, will be the most superior service possible to give.